## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL N.B. ATTAWAY,**<br>**#Y55493,** | |
| **Plaintiff,** | **Case No. 23-cv-02613-SPM** |
| **v.** | |
| **HALLCON'S SAFETY DIRECTOR,**<br>**AMAZON,**<br>**CARLE FOUNDATION HOSPITAL,**<br>**CRAWFORD COUNTY JAIL,**<br>**SHAWNEE CORRECTIONAL CENTER,**<br>**IDOC,**<br>**WILLIAM SHANHOLTZER,**<br>**ORANGE CRUSH/BLACK CRUSH,**<br>**WEXFORD HEALTH SERVICES,**<br>**NURSE PRACTITIONER ALEX,**<br>**ZACH MOORE,**<br>**LT. BEALS,**<br>**CRAWFORD MEMORIAL HOSPITAL,**<br>**NEBRASKA MEDICAL HOSPITAL,**<br>**NURSE PRACTITIONER AMANDA,**<br>**SGT. DEAN, and**<br>**STATE OF ILLINOIS,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Michael Attaway filed this lawsuit while he was incarcerated at Shawnee Correctional Center, seeking relief pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that prior to his incarceration he was employed by a company called Hallcon. (Doc. 1, p. 14). On February 2, 2022, while "clocked in," he was driving on Interstate I-57 near Tuscola, Illinois and was involved in a car accident with an eighteen-wheeler semi-truck owned by Amazon. Plaintiff states that the semi-truck slammed into the Hallcon company car he was driving causing the car to spin out of control. He called 911 and was told help was on the way, but no one came. After waiting forty-five minutes, Plaintiff called 911 again and was told that help was coming. He continued to wait and called 911 two more times. Finally, he was informed that the wait would be six to eight hours before help could arrive, so Plaintiff tried to drive home. (*Id.*).

When Plaintiff arrived at his house and parked in the driveway, he realized he was badly injured. (Doc. 1, p. 15). His knee was "screwed up," his left hip was dislocated, his right shoulder was dislocated, and his backed was injured. Plaintiff went to the emergency room at Carle Foundation Hospital on February 4, 2022, because he was in excruciating pain, but "they did little to nothing for" him. On February 7, 2022, the director of Hallcon fired Plaintiff and did not give him a reason. (*Id.* at p. 16). Plaintiff believes that if Hallcon had properly maintained the company vehicle, his car accident would not have been so severe. (*Id.*).

On March 4, 2022, and April 27, 2022, Plaintiff went to a hospital in Omaha, Nebraska, and again, he did not receive proper treatment. (Doc. 1, p.15).

At some point, Plaintiff was arrested and held at Crawford County Jail in Robinson, Illinois. (Doc. 1, p. 15). During this time, he was still in excruciating pain from the car accident. The medical staff at the jail refused to treat his injuries. Plaintiff was transferred to Shawnee Correctional Center on January 24, 2023, and continued to be denied medical treatment. (*Id.* at p. 15, 17).

On May 27, 2023, Plaintiff was raped and attacked by another inmate causing Plaintiff to

reinjure his "car accident injuries." (Doc. 1, p. 15). Plaintiff told Zach Moore of Internal Affairs and Sergeant Dean about the assault, but they refused to submit a report about the incident. (*Id.*).

In April or March, Plaintiff's back "gave out," and Lieutenant Beals further injured Plaintiff when he attempted to pick Plaintiff up off the floor. (Doc. 1, p. 16).

On July 11, 2023, a tactical team came to Plaintiff's cell. Plaintiff attempted to explained to them that he cannot walk without his cane. (Doc. 1, p. 16). The tactical team members interpreted Plaintiff's explanation as a refusal to "lock up," and they slammed him against the steel bunk beds in his cell causing excruciating pain to his lower back and severe weakness in his legs. He has had this weakness ever since. (*Id.*).

Finally, Plaintiff claims that $207.07 worth of his property was taken from him while he was on crisis watch. (Doc. 1, p. 19).

DISCUSSION

The Federal Rules of Civil Procedure provide that to successfully state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id*. at 555. Thus, where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, because Plaintiff is bringing his claims under 42 U.S.C. § 1983, he must

Page 3 of 9

allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). In other words, Plaintiff must claim that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

There are several issues with Plaintiff's Complaint. Of note, many of his allegations are asserted against seemingly private entities and individuals who cannot be sued under Section 1983, as they were not acting under the color of law at the time of the alleged incidents – Hallcon's Safety Director, Inmate William Shanholtzer, Carle Foundation Hospital, Amazon, Crawford Memorial Hospital, and Nebraska Medical Hospital. Plaintiff also names entities who are not considered "persons" for the purposes of Section 1983 claims – Shawnee Correctional Center, IDOC, and State of Illinois. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Plaintiff improperly brings claims against Wexford, who is not named anywhere in the statement of claim and cannot be sued simply because they are the employer of the medical staff at Shawnee Correctional Center. *See Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008) ("a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). And as pled, he cannot proceed against group defendant the Crawford County Jail Medical Staff. *See Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement).

Despite these deficiencies, the Court will refrain from conducting a Section 1915A review at this time due to the misjoinder of Defendants. Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's allegations regarding his lack of medical treatment while at Crawford County Jail involve one set of defendants. Then there are distinct sets of claims that arise at Shawnee Correctional Center and involve separate acts or transactions, legal theories, and different individuals, which include allegations of failure to protect, inadequate medical treatment, taking of property, and excessive force. The Court finds that the inclusion of all claims against these parties would run afoul of the Seventh Circuits admonition that "[a] litigant cannot throw all of his grievances, against dozens of different parties" into one civil action. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

Pursuant to *Dorsey v. Varga*, 55 F.4th 1094, 1107-08 (7th Cir. 2022), Plaintiff's Complaint will be stricken based on the improper joinder issues, as described above. He may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given an opportunity to amend the Complaint before the Court conducts the required merits screening of his claims under § 1915A.

## MOTION TO CONSOLIDATE

Plaintiff has filed a motion asking the Court to consolidate this case with another case he

is litigating in this district, *Attaway v. Illinois Department of Corrections,* 23-cv-02091-DWD. (Doc. 6). He states that both cases have "some of the same defendants and similar or somewhat related complaints." Because the Complaint is being stricken, the Court cannot make an assessment at this time whether this case and *Attaway v. Illinois Department of Corrections* involve common question of law or fact. *See* FED. R. CIV. P. 42(a). The motion is denied.

### MOTION FOR PRELIMINARY INJUNCTION

After initiating this suit, on August 29, 2023, Plaintiff filed four motions for emergency injunctive relief. (Doc. 7, 10, 12, 13). He requests for the Court to order IDOC to have x-rays taken of his left hip, right shoulder, and left ankle, and if needed, conduct an MRI or CT scans. (Doc. 7, 12). He states that medical staff refuse to treat his injuries because they believe he is faking. Performing these types of diagnostic testing would prove he is not faking and that there is in fact something wrong with him. (*Id.*). Plaintiff also asks for a court order directing IDOC to issue him a brace for his back to alleviate pain and ace wraps for his left knee and ankle to reduce swelling. (Doc. 10). Finally, he seeks the Court to order the health care unit at Shawnee Correctional Center to test him for sexually transmitted diseases and infections to ensure he did not contract a disease or infection as a result of being raped by another inmate. (Doc. 13).

In order to obtain emergency injunctive relief, a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). Because Plaintiff has not filed a viable complaint, it is impossible for him to prove that he is likely to succeed on the merits of his claims. Accordingly, the motions for a preliminary injunction are denied at this time.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 9).

Page 6 of 9

Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff discloses three unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se,* Plaintiff indicates that he does not know enough about the legal system to effectively and adequately represent himself. Plaintiff's limited knowledge, however, is not unique to him as *pro se* litigant and does not necessarily warrant recruitment of counsel at this time. The Court finds that he competent to try this matter without representation at this early stage in the litigation, and the motion for recruitment of counsel is denied. Plaintiff is a high school graduate with some college education. He has demonstrated an ability to communicate with the Court, and he is capable of drafting a short and plain statement of facts sufficient to put defendants on notice of the claims against them. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

### DISPOSITION

The Complaint (Doc. 1) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before October 4, 2023 that focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences. Plaintiff should keep in mind that Section 1983 allows an individual to sue a "person" who, acting under color of law, violated his constitutional rights.

An amended complaint supersedes and replaces the original complaint, rendering it void.

*See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments or supplements to the original Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 23-02613-SPM). Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service shall be ordered on any Defendant until after the Court completes its Section 1915A review of the First Amended Complaint.

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is

frivolous, malicious, or fails to state a claim.   28 U.S.C. § 1915(g).

If Plaintiff fails to file his First Amended Complaint in this case within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed without prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:   September 6, 2023**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**